Appellant has appealed the November 17, 1998 "Order" which orders him to submit to a psychological examination and the November 17, 1998 "Decision Order" overruling appellant's motions for a protective order and for relief from the judgment ordering the psychological examination. The November 17th orders were made in the underlying action for negligence filed against appellant's parents, defendants-appellees herein. Plaintiffs-appellees allege that the damage committed by appellant was a foreseeable consequence of the parents' negligence.
On February 1, 1999, plaintiffs-appellees filed a "Motion to Dismiss" this appeal on the grounds that it is taken from an order which is not final or appealable. On February 11, 1999, "Justin Rowland, Non-Party — Appellant's Memorandum in Opposition to Appellee's Motion to Dismiss" was filed. Appellant contends that the order for a psychological examination is a final appealable order because it affects the substantial rights of doctor-patient privilege, privacy, confidentiality, and proper rehabilitation and treatment. On February 16, 1999, appellant filed the "Amendment to Justin Rowland, Non-Party — Appellant's Memorandum in Opposition to Appellee's Motion to Dismiss" which contends that the motion to dismiss was untimely filed; therefore, the arguments therein are waived.
If an order is not final and appealable pursuant to R.C.2505.02, a court of appeals does not have jurisdiction to consider the matter. Revised Code 2505.02(B) states: "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 (3) An order that vacates or sets aside a judgment or grants a new trial;
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
Does an order for a psychological examination meet the requirements of a final appealable order? The right of privacy is protected by the United States and Ohio Constitutions, thus it meets the definition of a substantial right. However, a decision affecting a substantial right does not create a final appealable order unless that decision meets the additional requirements contained in R.C 2505.02(B)(1), (2), and (3). The case sub judice is a tort action alleging negligence. The order granting the psychological examination is not final and appealable under R.C. 2505.02(B)(1) or (3) because it does not determine the action, prevent a judgment, vacate or set aside a judgment, or grant a new trial. Revised Code 2505.02(B)(2) does not apply because the order was not made in a special proceeding or upon summary application after judgment.
The psychological examination was ordered in furtherance of the discovery process pursuant to Civ.R. 35(A). Generally, discovery orders are interlocutory and not final and appealable. State ex rel. Steckman v. Jackson (1994), 70 Ohio St.3d 420. However, pursuant to R.C. 2505.02(B)(4), a discovery order may be appealable if that order qualifies as a provisional remedy under R.C. 2505.02(A)(3). A " 'provisional remedy' means a proceeding ancillary to an action, including, but not limited to a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence."
Appellant contends that submitting to a psychological examination violates the doctor-patient privilege. Appellant has not provided any authority for his contention that confidentiality, proper rehabilitation and treatment are substantial rights which are not subsumed in the classification of rights included in doctor-patient privilege, thus we will include them in the analysis of privilege. The confidential communications between a licensed psychologist and client are privileged and placed upon the same basis as those between a physician and patient. R.C. 4732.19. However, to create a privileged relationship between psychologist and client the patient must voluntarily seek the help of the psychologist.In re Smith (1982), 7 Ohio App.3d 75. The trial court's order requiring appellant submit to a psychological examination clearly does not qualify as a voluntarily sought psychologist and client relationship which is protected by privilege. An order granting the discovery of nonprivileged matter does not qualify as a provisional remedy as specifically defined by R.C.2505.02(B)(4). Appellant has set forth no other basis for construing the orders to meet the definition of provisional remedy.
We find that the November 17, 1998 orders do not meet the definition of final appealable orders as defined in R.C.2505.02, thus they are not final appealable orders. Accordingly, this Court lacks jurisdiction to consider the merits of this appeal. Appellees' motion to dismiss is granted.
Appeal DISMISSED. Costs to Appellant.
Abele, J. and Evans, J.:
Concur
 _______________________________ Roger L. Kline Presiding Judge